IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 2:15cr65 |
| v. | ) | |
| | ) | |
| RAYNARD R. HECKSTALL, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SUPPLEMENT TO POSITION WITH RESPECT TO SENTENCING

Now comes the United States, by its undersigned counsel, and supplements its position with respect to sentencing. For the reasons previously stated, the Government recommends that the Court impose a prison sentence of 2-3 months in this case. In his position paper, the defendant claims that a prison sentence will result in unwarranted sentence disparity, and cites four cases in support of his contention. For the reasons stated below, the defendant's position is meritless.

1. In accordance with 18 U.S.C. § 3553(a)(6), in determining a sentence to be imposed in a particular case, the court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." (Emphasis added).

2. The cases cited by the defendant, all of which resulted in a sentence of probation, are dissimilar to the present case. The first case cited, *United States v. Graham*, Criminal No. 2:15cr70, is a case from this Court that, unlike the present case, did not even involve a mail carrier who stole mail from postal customers. Instead, the defendant in *Graham* was an employee of a McDonald's restaurant who stole cash from his employer. He did not abuse a position of public trust as Mr. Heckstall did.

3. The second case cited by the defendant, *United States v. Baker*, Case No. 2:13mj461, is also a case from this Court. But the defendant in *Baker* was charged with only a <u>misdemeanor</u> violation of 18 U.S.C. § 1703 for opening and destroying mail not directed to him, whereas in the present case Heckstall is charged with theft of mail, a felony violation of 18 U.S.C. § 1709. What's more, according to a subsequent probation petition (Doc. 10), the loss in *Baker* was $1,490.00, while the loss attributed to Mr. Heckstall is $2,967.95, nearly twice as much. PSR Par. 10.

4. According to the factual recitation in the third case cited by the defendant, *United States v. Kaiser*, 520 F. App'x 731 (10th Cir. 2013), the postal employee there stole only between $300 and $500, and law enforcement was unable to identify specific victims, while in the present case there are 26 identifiable victims and, as noted above, a much greater dollar amount was stolen by Mr. Heckstall.

5. The fourth and final case cited by the defendant is *United States v. Valdez*, 392 F. App'x 662 (10th Cir. 2010). The brief facts recited in the opinion do not indicate the contents of the mail that was stolen by the postal employee, nor the dollar amount if in fact there was any ascertainable loss.

In view of the foregoing, it is evident that the dissimilar cases cited by the defendant do not support his argument that a sentence of 2-3 months in his case would create an unwarranted sentencing disparity.

Dana J. Boente
United States Attorney

By: _____/s/_____
    Alan M. Salsbury
    Assistant United States Attorney
    Virginia State Bar No. 15682
    101 West Main Street, Suite 8000
    Norfolk, Virginia 23510
    Tel. - 757-441-6350
    Fax - 757-441-6689
    Email - alan.salsbury@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record who are users of the CM/ECF system.

/s/
Alan M. Salsbury
Assistant United States Attorney
Virginia State Bar No. 15682
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone Number - 757-441- 6331
Facsimile Number - 757-441-6689
E-mail Address - alan.salsbury@usdoj.gov